(O)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN DIAZ PONCE,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>MERRICK B. GARLAND, U.S. Attorney General,<br><br>　　　　　　　Respondent. | Case No. EDCV 22-1751 JGB (PVC)<br><br>**ORDER SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF JURISDICTION** |

**I.**

**INTRODUCTION**

On October 2, 2022, Petitioner Efrain Diaz Ponce, a federal immigration detainee proceeding *pro se*, constructively filed a habeas petition pursuant to 28 U.S.C. § 2241, styled as an "Amended Emergency Motion for Stay of Removal." ("Petition," Dkt. No. 1).[1] The Petition does not challenge Petitioner's final order of removal, but instead seeks a stay of removal until the Bureau of Immigration Appeals ("BIA") rules on Petitioner's pending motion to reopen. (*See generally id*. at 3-5). However, in *Rauda v. Jennings*, 8 F.4th 1050 (9th Cir. 2021), the Ninth Circuit held that federal courts lack jurisdiction to

---

[1] The Court will cite to the Petition and its attached exhibits as though they formed a single, consecutively-paginated document following the CM/ECF-generated pagination on the Court's docket.

1

enjoin the government from removing an immigration detainee subject to a final order of removal simply because a motion to reopen is pending before the BIA. *Id*. at 1053-55. Because *Rauda* is fully on point and controlling, the Petition necessarily fails.[2]

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules") requires a district court to dismiss a petition without ordering a responsive pleading when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4;[3] Local Rule 72-3.2; *see also Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998) (summary dismissal under Habeas Rule 4 promotes "judicial efficiency"). In light of the Ninth Circuit's decision in *Rauda*, it plainly appears from the face of the Petition that Petitioner is not entitled to relief and amendment would be futile. Accordingly, summary dismissal pursuant to Rule 4 is warranted.

## II.

## BACKGROUND FACTS

Petitioner, a citizen of Honduras, states that he migrated to the United States in 2003 at the age of 13 with a visitor's visa under the protection of his grandmother, a legal

---

[2] Even prior to the Ninth Circuit's controlling decision in *Rauda*, many district courts in this Circuit concluded that they lacked subject matter jurisdiction to issue a stay of removal pending a decision on a motion to reopen. *See, e.g.*, *Corrales v. Sessions*, 2018 WL 4491177, at * 3 (N.D. Cal. Sept. 19, 2018); *Flores v. Johnson*, 2015 WL 12656240, at *2-3 (C.D. Cal. Sept. 30, 2015); *Ma v. Holder*, 860 F. Supp. 2d 1048, 1056-60 (N.D. Cal. 2012); *Mejia-Espinoza v. Mukasey*, 2009 WL 235625, at *1 (C.D. Cal. Jan. 27, 2009).

[3] A court may apply the Rules Governing Section 2254 Cases to Section 2241 petitions. *See* Habeas Rule 1(b); *Lane v. Feather*, 584 F. App'x 843 (9th Cir. 2014) ("[T]he district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to the instant [§ 2241] petition."); *Jackson v. Ashcroft*, 347 F. Supp. 2d 924, 925 (D. Or. 2004) (exercising discretion to "apply the Rules Governing Section 2254 Cases to petitioner's habeas corpus action filed pursuant to 28 U.S.C. § 2241"); *Allen v. Grady*, 2022 WL 2032312, at *1 (C.D. Cal. May 13, 2022) ("Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts (Rule 4) is applicable to proceedings brought pursuant to section 2241.").

permanent U.S. resident. (Petition at 2). According to the Petition, Petitioner's criminal history includes convictions for: (1) possession of cannabis in violation of Cal. Health & Safety Code § 11357(b) (2010 conviction); (2) second degree robbery in violation of Cal. Penal Code § 211 (2011 conviction); (3) driving with a suspended license in violation of Cal. Vehicle Code § 14601 (2014 conviction); and (4) fleeing from a peace officer while driving a vehicle in violation of Cal. Vehicle Code § 2800.2 (2016 conviction).[4] (Petition at 3). Petitioner states that he received a 32-month sentence for the 2016 evading conviction because of his prior felony conviction for the 2011 robbery. (*Id*. at 3-4).

Petitioner's 2011 robbery conviction was vacated in January 2022 pursuant to Cal. Penal Code § 1473.7, (*id*. at 3, 12), and his 2010 cannabis possession conviction was vacated under the same provision in March 2022. (*Id*. at 3, 16-17).[5] Petitioner contends that because his 2011 robbery conviction was vacated, the 32-month sentence he received for evading a police officer with a prior felony "can no longer be legal as a matter of law." (*Id*. at 4). In light of these developments, Petitioner maintains that he is "not deportable as charged," and filed a motion to reopen with the BIA on May 12, 2022. (*Id*. at 3-4).

### III.
### PETITIONER'S CONTENTIONS

Petitioner contends that he is entitled to a stay of removal because his removal

---

[4] Petitioner has admitted elsewhere that in 2019, he was convicted of driving under the influence in violation of Cal. Vehicle Code § 23152. *See Efrain Diaz Ponce v. William Barr*, C.D. Cal. Case No. 21-3410 JGB (PVC), Dkt. No. 1 at 2. The Court takes judicial notice of Petitioner's prior proceedings in this Court. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[5] Section 1473.7 provides, in relevant part, that a person no longer in custody may move to vacate a conviction on the ground that "[t]he conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence." Cal. Penal Code § 1473.7(a)(1). After the 2010 and 2011 convictions were vacated under § 1473,7, the government dismissed the charges. (Petition at 12, 17).

3

from the United States before he has had an opportunity to fully adjudicate his motion to reopen would violate his constitutional and statutory rights. (Petition at 7). Petitioner notes that the Supreme Court has recognized the right to file a motion to reopen as "an important safeguard intended to ensure a proper and lawful disposition of immigration proceedings." (*Id*. at 6) (quoting *Kucana v. Holder*, 558 U.S. 233, 242 (2010) (internal quotation marks and citation omitted)). However, Petitioner fears that the government will deport him before he has a full and fair opportunity to be heard. (*Id*. at 5). According to Petitioner, his motion to reopen necessarily "becomes moot if he is deported to Honduras and is detained, kidnapped, or dead by the time the motion is decided." (*Id*.).

## IV.

## DISCUSSION

The Ninth Circuit's *Rauda* decision fully disposes of Petitioner's request for a stay of removal. In *Rauda*, an immigration detainee who had been ordered removed to El Salvador filed a motion to reopen with the BIA. While that motion was pending, he "filed a habeas petition with the district court . . . asking the court to enjoin the government from removing him until the BIA ruled on his motion to reopen and the court ruled on his habeas petition." *Rauda*, 8 F.4th at 1053. The district court denied the petition for lack of jurisdiction, and the Ninth Circuit affirmed. (*Id*.).

The Ninth Circuit's decision rested on 8 U.S.C. § 1252(g), which provides, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or *execute removal orders* against any alien." *Rauda*, 8 F.4th at 1054 (quoting 8 U.S.C. § 1252(g) (emphasis in original)). According to the Ninth Circuit, Rauda's action to enjoin the government from removing him was "precisely" a challenge to the execution of his removal order, and as such, § 1252(g) precluded judicial review. *Rauda*, 8 F.4th at

1054; *see also id.* at 1055 ("No matter how [Rauda] frames it, his challenge is to the Attorney General's exercise of his discretion to execute [Rauda's] removal order, which we have no jurisdiction to review.") (citing *Camarena v. Dir., ICE*, 998 F.3d 1268, 1274 (11th Cir. 2021)). The Court rejected Rauda's contention that the refusal to enter a stay of removal would deprive him of his statutory right to file a motion to reopen because Rauda's motion had already been filed and was pending before the BIA. *Id.* It further explained that once the BIA ruled on the motion to reopen, Rauda could appeal that final decision to the Ninth Circuit, but in the meantime, Rauda had "taken full advantage of his statutory rights and will continue to have access to the process guaranteed to him under the statute even if he is removed." *Id.*[6]

The Court was also not swayed by Rauda's argument that he would be in grave danger if he were removed. The Court noted that if a removable alien's representation that "he would be severely injured or die when removed" were a sufficient ground for a court to "inject itself into the agency's process . . . all similarly situated petitioners would be incentivized to demand a stay and make similar claims to keep themselves in the country while the BIA considers their motions to reopen." *Id*. at 1058. Finally, the Court observed that Rauda's due process rights were not implicated by the denial of a stay because:

> while [Rauda] may be entitled to adjudication on his motion to reopen, he is not required to be present in the United States for that adjudication to take place. . . . Even if [Rauda] is removed, his motion will remain pending until its adjudication. [Rauda] is not stripped of any process due him by being removed. Rather, the system created by Congress will function precisely

---

[6] The Ninth Circuit further noted that it lacked jurisdiction for the additional ground that Rauda was seeking review of an interim order, and not a final order of removal that may give rise to a petition for review. *Rauda*, 8 F.4th at 1055 ("Congress has intentionally (and unequivocally) stripped us of jurisdiction to review non-final orders.").

5

how it was intended. We have no authority to interfere with that system by granting [Rauda's] request for a stay.

*Id*. at 1059.

Petitioner's action is indistinguishable from that in *Rauda* and demands the same outcome. Pursuant to § 1252(g), this Court does not have jurisdiction to grant the relief that Petitioner seeks. Accordingly, summary dismissal under Rule 4 is appropriate.

## V.

## ORDER

Pursuant to Habeas Rule 4, this action must be summarily dismissed because it plainly appears that the Petition does not warrant relief and amendment would be futile. IT IS HEREBY ORDERED that the Petition is DENIED and this action is DISMISSED without prejudice for lack of jurisdiction.

IT IS SO ORDERED.

Dated: October 24, 2022

JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

6